Mark A. Lillenstein, Esq. Village Justice, Delevan
We acknowledge receipt of your letter inquiring whether you as a newly selected village justice, may continue to accept assignments from your county court to represent indigent criminal defendants, whether you may continue to accept law guardian assignments from the family court of your county and whether your law partner may accept them if you are not able to do so.
We will dispose of your last question first: each partner is the alter ego of all other partners and the disqualification of one constitutes a disqualification of all. In this respect, see New York State Bar Association Committee on Professional Ethics opinions numbers 231 and 232, both dated February 25, 1972. We enclose copies herewith.
If you are the public defender or an assistant public defender under County Law Article 18-A (§§ 716-721) that office and the office of village justice are incompatible for the reasons stated in an informal opinion of this office reported in 1965 Opns Atty Gen 185, a copy of which we enclose for your information.
We find no constitutional or statutory prohibition barring a village justice from being appointed under County Law Article 18-B (§§ 722-722-f) to represent a destitute criminal defendant in a case in a court other than his own or from being assigned as law guardian in a family court matter under Family Court Act Article 2 Part 4 (§§ 241-249) which has no relationship to any matter which has been or will come before him in his own court. However, we do find that the New York State Bar Association's Committee on Professional Ethics, in opinion number 228, dated February 25, 1972, and opinion number 263, dated September 15, 1972, (copies of which we enclose herewith) has concluded that a part-time judge or acting judge with criminal jurisdiction can not represent clients in criminal matters in private practice. We feel that it is immaterial whether such representation is by court assignment or private retainer or whether it is by court assignment to defend an adult criminal defendant or to represent a juvenile accused of misconduct.
In our opinion, a village justice, who is a part-time judicial officer having criminal jurisdiction, and also that village justice's law partner, may not accept assignments to represent indigent criminal defendants or assignments to act as law guardians.